Hendron &c. *vs* Robinson,

ERROR TO THE WASHINGTON CIRCUIT.

*Practice in Suits at Law.*

EJECTMENT.

*Case* 117.

*September* 18.

Case stated.

JUDGE GRAHAM delivered the opinion of the Court.

ON the 7th September, 1839, Robinson exhibited his bill in the Lincoln Circuit Court against John Colvin, charging the defendant with having stolen from the plaintiff about $831, and because of Colvin's having no property except a tract of land in Washington county, prayed for a decree subjecting that tract to the payment of his demand, and, in the meantime, to enjoin Colvin from selling or disposing of the land. The process was served on Colvin 21st June 1843, and a decree rendered appointing a Commissioner to sell the land. The land was sold and Robinson became the purchaser, in September, 1843. Subsequently, a writ of *haberi facias* issued, by virtue of which the sheriff of Washington commenced removing the effects of William Hendron, who then occupied the land. To avoid being turned out of a home with a sick wife, on a cold snowy day, Hendron, on that day, (the 14th February, 1844,) took a lease from Robinson, in which he agreed to give to Robinson full and peaceable possession by the first of March, 1845. After the expiration of the lease, Robinson demanded the possession of the premises, and Hendron refused to surrender. On the 17th March, 1845, the Commissioner conveyed the land to Robinson. On the 11th April, 1845, Robinson sued out a warrant against Hendron for a forcible entry and detainer. Having failed, both in the County and in the Circuit Courts, to obtain possession of the premises by this effort, he commenced this action of ejectment against Hendron, on the 12th November, 1846. At the May term, 1847, Henry Noel, B. Curry and W. Hendron, were admitted defendants, in the room of the casual ejector.

HENDRON, &c.
vs
ROBINSON.

Without tracing the title, it is sufficient to say, that Noel derives title from a patent issued by the Commonwealth of Virginia to Hundley, and by conveyances, apparently regular, until the deed to himself, dated September, 1840. No exceptions having been taken to the title, it is unnecessary to examine it very carefully.

It appears from the evidence, that Colvin, some time previously to the proceedings in Lincoln, had, by a parol contract, purchased the land, but had never paid any thing for it, and that shortly after the commencement of the suit in Lincoln, by some arrangement made with Hendron, the latter became the purchaser, and made payments to Noel, perhaps wholly paying him for it. The proof as to the amount paid, is unsatisfactory. There is no evidence that Hendron or Noel had any information as to the pendency in Lincoln, of the suit of Robinson against Colvin.

It also appears in this record that, in March, 1844, Noel instituted an action of ejectment against Hendron for the land in contest, and at the November term, 1844, judgment by confession was entered; upon which judgment a writ of *haberi facias possessionem* was issued, which was executed on the 10th January, 1845, and Noel put in possession of the premises. Upon this state of facts, the jury, under the instructions of the Court, found a verdict for the plaintiff; upon which judgment the defendant prosecutes this writ of error. After the argument of counsel had commenced to the jury, the Court permitted a witness to state certain facts. The defendant then asked leave to read a bill of exceptions containing the statements of that witness on a former trial, differing materially from the statements made by him, but the Court would not permit it to be read. After all the defendants had been entered, their attorney moved the Court for leave to withdraw the name of Hendron as one of the defendants, because, as they alleged, he had been, through mistake, entered as defendant. He was the only tenant in possession, and had regularly been made a defendant, and the Court did not err in overruling that motion.

From one of the bills of exceptions, it appears that, while one of the plaintiff's attorney was addressing the jury, some disputation arose as to the statements of Robinson, a witness, and that he was then permitted to make a statement of facts which, if we understand his evidence as contained in the bill of exceptions taken in this case, was somewhat in conflict with his previous statements. The defendant then asked leave to read a bill of exceptions, which contained the witness' statements made upon another trial, with the view of showing the jury that they were in conflict with his last statements. The Court would not permit him to do so.

A witness should be permitted to correct or explain his testimony, and after the testimony is closed, a Court should but rarely, and then only under peculiar circumstances, permit evidence to impeach or contradict his statements. But if, after the evidence is closed, and the argument to the jury has commenced, he is permitted to give new evidence, or make statements bearing on the merits of the case which had not previously been done, and to give evidence calculated to have effect upon the verdict of the jury, then justice to the opposite party would seem to require, that he should be permitted to show, by other proof, that the statements last made ought not to be regarded. In doing so, however, the Court should be cautious not to permit the party to delay the trial, or procrastinate the business of the Court, by the introduction of testimony not directly pertinent to the matter thus put in issue, or which the party might previously and rightfully have introduced. In this case, we think the Court ought to have permitted the witness' statement contained in the bill of exceptions, to have been read to the jury.

Whether Hendron, by taking a lease of the premises from Robinson, which he seems to have done very reluctantly, under the pressure of adverse circumstances, is precluded from controverting Robinson's title, need not now be determined. Noel was permitted, and so far as appears from the record, without objection, to enter himself as defendant. He was not a tenant; on the contrary, in him alone was the legal title, and he

*Marginal headnote:*

HENDRON, &c. vs ROBINSON.

A witness may properly be permitted to correct his statements even after the testimony in the case is closed, but if permitted to make new statements of facts touching the merits of the case calculated to have effect before the jury, the opposite party should be permitted to give rebutting testimony—and the statements of the witness taken down at a former trial on a bill of exceptions, is proper for such purpose.

was not affected or bound by the *lis pendens* of Robinson *vs* Colvin; (3 *Litt.* 374.) The purchase, such as it was, made by Colvin, was in parol, and not any portion of the purchase money paid. Hendron took his place in the arrangement, and made payments, but had no conveyance or bond for one. The title yet remained in Noel, and it was his interest and his duty to defend it. As Colvin had in fact no title to, or interest in the land, Robinson did not, by his purchase under his decree, acquire any other than Colvin himself had. The evidence did not authorize a recovery against Noel, and as it could not be had against him, neither should the plaintiff have succeeded against the others defending with him. (1 D*ana*, 180.) Other questions of some importance have been made in this case, but which it is unnecessary to decide in this contest. Some of the instructions given by the Court below, are in conflict with this opinion. The verdict of the jury was, no doubt, in consequence of such instructions. For the reasons already given, the judgment is erroneous.

Wherefore, the judgment of the Court below is reversed, and cause remanded, with directions to set aside the verdict, and grant the defendants a new trial without payment of costs, and for other proceedings not inconsistent with this opinion.

*Bradley and Harlan* for plaintiff; *Thurman and Shuck* for defendant.